IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02131-BNB

ARTHUR JAMES LOMAX,

    Plaintiff,

v.

MORRIS B. HOFFMAN,
MICHAEL ANTHONY MARTINEZ,
ANNE MARIE MANSFIELD,
DOUG JACKSON,
KENNETH PLOTZ,
ROBERT L. McGAHEY, and
ALFREDO HERNANDEZ,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Arthur James Lomax, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Lomax has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated.

    The Court must construe the Prisoner Complaint liberally because Mr. Lomax is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Court will dismiss the action.

Mr. Lomax asserts claims in the Prisoner Complaint that challenge the validity of his state court criminal conviction and sentence. Mr. Lomax claims that his right to a speedy trial was violated, he was subjected to excessive bail, he was prevented from filing an appeal, his sentence is illegal, and he was denied a fair trial as a result of prosecutorial misconduct during closing arguments. The named Defendants are five state court judges and two prosecutors who were involved in various proceedings in Mr. Lomax's criminal case. As relief Mr. Lomax seeks damages and either to be released from custody or a new trial.

Mr. Lomax may not pursue his claims to be released from custody or a new trial in this 42 U.S.C. § 1983 action because his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Mr. Lomax previously filed a habeas corpus action in the District of Colorado challenging the validity of his state court criminal conviction that was dismissed as untimely. *See Lomax v. Davis*, No. 11-cv-03034-LTB (D. Colo.), *appeal dismissed*, 484 F. App'x 206 (10th Cir.), *cert. denied*, 133 S. Ct. 480 (2012).

Mr. Lomax's claims for damages, which may be asserted in a § 1983 action, will

be dismissed because they are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is apparent that Mr. Lomax's claims in the Prisoner Complaint implicate the validity of his criminal conviction and sentence. It also is apparent that Mr. Lomax has not invalidated the criminal conviction and sentence he is challenging in this action. Therefore, the Court finds that Mr. Lomax's claims for damages are barred by the rule in *Heck* and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because the habeas corpus claims may not be raised in this action pursuant to 42 U.S.C. § 1983 and the claims for damages are barred by the rule in *Heck*.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  15th  day of   August  , 2013.

                                         BY THE COURT:

                                        s/ Lewis T. Babcock  
                                       LEWIS T. BABCOCK, Senior Judge  
                                       United States District Court